TERRI F. LOVE, Judge.
11 This appeal arises from a dispute regarding child' custody. The proceedings were initiated in three parishes. The father of the minor child seeks to obtain custody from his mother in Orleans Parish. The trial court denied the father’s “Petition of the Great Writ of Habeas Corpus Ad Subjiciendum” due to a pending ex parte interim custody hearing in West Baton Rouge Parish. We find that the transfer of the proceedings from West Baton Rouge Parish to Orleans Parish has rendered the appeal moot and dismiss.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Jerry Hill (“Ms. Hill”) was granted the “sole care and custody” of Jane Doe,[1] (“Jane”) the minor daughter of Johnny Ross, Jr. (“Mr. Ross”) on November 18, 1994, in West Baton Rouge Parish. On September 6, 2006, Ms. Hill voluntarily transferred custody of Jane to Mr. Ross in East Baton Rouge Parish. Upon a motion to vacate the voluntary transfer of custody order amidst allegations of physical abuse, West Baton Rouge Parish returned Jane to Ms. Hill on October 27, 2006. Thereafter, Mr. Ross filed a motion and order for a civil warrant in East Baton Rouge Parish, which transferred the matter back to West Baton Rouge Parish as the proper venue. In November of 2006, Ms. Hill filed an ex parte | .¿motion and order for return of child kept in violation of custody order, which was granted, in West Baton Rouge Parish.
However, on December 8, 2006, Mr. Ross filed a petition, in Orleans Parish, to make the orders from November 18, 1994 and September 6, 2006, executory. The trial court granted the petition. Further, Orleans Parish issued a civil warrant ordering Ms. Hill to return Jane to Mr. Ross. On April 4, 2007, Ms. Hill filed a motion to vacate the judgment ordering her to return Jane to Mr. Ross because she wanted a hearing to present evidence of abuse to the trial court. The trial court in Orleans Parish set aside its judgment and scheduled a hearing on the matter.
On April 15, 2008, Ms. Hill filed an “Emergency Motion to be Recognized as Interim Custodian” in West Baton Rouge Parish and the trial court continued the hearing until July 17, 2008. Mr. Ross then filed a “Petition of the Great Writ of Habe-as Corpus Ad Subjiciendum” in Orleans Parish, seeking custody of Jane. The trial court denied Mr. Ross’ petition because an ex parte interim custody hearing was scheduled for July, 17, 2008, in West Baton Rouge Parish. The trial judge in West Baton Rouge Parish then vacated its orders from November 18, 1994 and September 6, 2006. After the scheduled hearing in West Baton Rouge Parish on July 17, 2008, the trial court transferred the matter to Orleans Parish.
Mr. Ross’ timely appeal followed the denial of his petition in Orleans Parish.

APPEAL

Mr. Ross avers that Ms. Hill used fraud and deceit to retain custody of Jane and appeals the denial of a “Petition of the Great Writ of Habeas Corpus Ad Subji-ciendum.” Mr. Ross alleged that his due process rights were violated. The trial court’s denial of Mr. Ross’s petition was not erroneous as an ex parte interim custody hearing was scheduled in West Baton Rouge Parish. At the conclusion of lathe hearing, the trial court determined that the matter would be transferred to Orleans Parish. As such, we find the present appeal is deemed moot. See Cory v. Cory, *830 43,447 (La.App. 2 Cir. 8/13/08), 989 So.2d 855; La. C.C.P. art. 2162.

DECREE

For the above mentioned reasons, we dismiss the appeal as moot.
APPEAL DISMISSED
BELSOME, J., concurs in the Result.
ORDER
IT IS HEREBY ORDERED that the motion to withdraw the application for rehearing filed by Johnny B. Ross, Jr. is granted.
/s/ Dennis R. Bagneris
JUDGE DENNIS R. BAGNERIS, SR.
/s/ Terri F. Love
JUDGE TERRI F. LOVE
/s/ Roland L. Belsome
JUDGE ROLAND L. BELSOME

. The child's name is changed to protect her identity.